## WILLIAM G. MARTIN v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 11, 1899.)

1. STATUTES—*Assent of Congress—Modification of.* An act of the Territorial legislature which requires the ratification of congress in order to make it valid as law, after such ratification cannot be modified, repealed, or amended by the legislature without the assent of congress.

2. PROBATE COURTS—*Jurisdiction.* The probate courts in Oklahoma. have jurisdiction of all offenses, under the laws of the Territory, not infamous.

3. SAME—*Criminal Causes.* The Statutes of 1895, amendatory of the criminal procedure act, did not effect the repeal of any previous enactment relating to jurisdiction of probate courts which required and had received the ratification of congress by congressional enactment.

4. SAME—*Civil Causes*. The limitations contained in section 1562, Statutes 1893, on the jurisdiction of probate courts, apply only to civil causes, and have no application to criminal prosecutions. (Syllabus by the Court.)

*Error from the Probate Court of Payne County; before R. J. Basel, Probate Judge.*

*King & Hutto*, for plaintiff in error.

*Harper S. Cunningham, Attorney General*, for defendant in error.

William G. Martin was convicted of criminal libel, and appeals.   Affirmed.

Opinion of the court by

BURFORD, C. J.: William G. Martin was convicted of criminal libel in the probate court of Payne county, and appeals to this court for relief.   The only questions presented go to the jurisdiction of the probate court.   It is claimed—first, that the probate court has no jurisdiction in criminal causes; second, that such court has no jurisdiction of criminal libel.

It is conceded by counsel for plaintiff in error that section 4862, Statutes of 1893, conferred on probate courts jurisdiction of all offenses not infamous, and that this section was duly ratified by act of congress, and became as effective as if it was an original act of congress.   But, it is contended that the legislature, by the amendment of section 4862, approved March 8, 1895 (Sess. Laws 1895, pp. 188, 189,) repealed section 4862, as it originally stood at the time of its ratification by congress, and that the amended section or subsequent enactment has never received the sanction of congress.

It is well settled that the legislature of a territory has no power to either extend or curtail the jurisdiction of courts which have been created and their jurisdiction defined by congress, but the legislature may impose other duties and powers upon the courts, when the same do not conflict with their powers as defined by congress. As originally constituted, probate courts in Oklahoma possessed no criminal jurisdiction. Section 7, of "Procedure Criminal," adopted by the first legislature, among other things contains this provision: "Offenses, not infamous crimes, all of which may be tried on information before county or probate courts, and if not there tried then before the district court." Afterwards congress ratified all the acts of the legislative assembly relating to the jurisdiction of probate courts. This provision, when so ratified, was given the same force and effect as a congressional enactment, and could not be repealed, amended, or modified by the legislature, except by consent of congress; and as congress has never, in any manner, expressed its assent to the change as attempted by the legislative enactment of 1895, it follows that the statute of 1890, in so far as it relates to the jurisdiction of the probate courts, is still in full force and effect. There are many of the provisions in the 1895 amendment to the criminal procedure act that relate to matters of practice and procedure, and in these matters they are clearly within the scope of legislative authority.

We have not been cited to any authority to the effect that the legislature has power to repeal a statute which had received the sanction of congressional ratification, nor has our attention been directed to any. The sound rule would seem to us to be that when a legislative en-

actment requires the ratification by congress before it
can become effective as a law, and it is ratified, then the
legislature has no power to effect its repeal.  But, if a
statute is within the legislative power, its subsequent
ratification not being required to give it validity, such rat-
ification would not prevent the legislature from changing
such statute, and this seems to be the effect of the reason-
ing and authorities cited in *Irwin v. Irwin,* 3 Okla. 186,.
41 Pac. 369. "Criminal libel," as defined by our statute,.
is not an infamous crime.

The next contention is that the probate court has no
jurisdiction of the offense of criminal libel.   The first
legislature passed an act which was entitled: "An Act
Extending the Jurisdiction of the Probate Court in Civil
and Criminal Cases, and Prescribing the Procedure There-
in, and Providing for Appeals Therefrom." This act ap-
pears in the 1893 Statutes as article 15 of chapter 18, and
was also duly ratified by act of congress.   Section 1, of
this act is as follows: "Probate courts in their respective
counties, shall in addition to the powers conferred upon.
them by the probate chapter of the Territory, have and
exercise the ordinary powers and jurisdiction of justices
of the peace, and shall, in civil cases, have concurrent jur-
isdiction with the district court in all civil cases in any
sum not exceeding one thousand dollars, exclusive of costs.
and in action of replevin where the appraised value of
the property does not exceed that sum, and the provisions.
of the chapter on civil procedure relative to justices of
the peace and to practice and proceedings in the district
court shall apply to the proceedings in all civil actions
prosecuted before said probate courts:  provided,  that
probate courts shall not have jurisdiction: First. In any

action for malicious prosecution. Second. In any acti n against officers for misconduct in office except where like proceedings can be had before justices  of the  peace. Third.  In actions for slander and libel.  Fourth.  In actions upon contracts for sale of real estate.  Fifth.  In any matter wherein the titles or boundaries of land may be in dispute, nor to order or decree the partition or sale of real estate."

This statute, and section 7 of "Procedure Criminal," were both enacted by the same legislature, both required the express assent of congress in order to give them effect, and both were ratified by the same act of congress; hence are concurrent statutes, are in *pari materia*, and must be construed together.  It is a well-settled rule of statutory construction that all parts of a statute or of concurrent statutes must be so construed as to give effect to every part thereof, and without rendering any portion inoperative, when the same can be done without doing violence to language or destroying clearly-defined legislative intent.  To hold that the special provisions of section 1562, by virtue of the limitations contained therein, modify or repeal in part section 4862, will violate the rule, just stated.  By section 4862, it is clear that the legislature intended to and did give probate courts jurisdiction of the offense of criminal libel.  Did the same legislature intend to take away this jurisdiction by the limitations contained in section 1562?  We think not.  Both sections can be construed together, so as to make every part of each section effective and operative, and yet, do no violence to either language or legislative intent. The limitation in section 1562 has application to civil actions for libel and slander, and was not intended to apply to criminal prosecutions.  If the legislature had intended

to prohibit the probate court from entertaining jurisdiction of criminal prosecutions for libel and slander, instead of the fourth subdivision of section 4862 reading as it does, the legislature would have caused it to read thus: "Offenses not infamous crimes, all of which may be tried on information before the county or probate courts, (except prosecutions for slander and libel,) and, if not there tried, then before the district court." This construction harmonizes all the provisions of both statutes, renders every part of both effective and operative, and, in our judgment, effectuates the legislative intent. We have examined the record, and find no prejudicial error. The judgment of the probate court is affirmed, at the costs of the plaintiff in error, and the probate court directed to take the necessary steps to carry said judgment into effect.

All of the Justices concurring.