˙ROBERT MORFORD v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 8, 1901.)

1. PERJURY—*What Constitutes.* Perjury cannot be assigned upon the alleged false testimony of a witness given in the course of a trial, where the court has no jurisdiction of the offense charged, or of the defendant. But, if the proceedings are merely erroneous or voidable, even if there be such irregularities or defects as would require a reversal of the cause on appeal, false testimony given in the course of such trial, if material, does constitute perjury.

2. OFFICER DE FACTO—*Acts of.* Where an officer exists under the law, and a person is elected to fill such office, and duly qualifies and enters upon the discharge of his official duties, he is a *de facto* officer, and his acts are valid, notwithstanding the fact that he may not possess all the necessary qualifications as prescribed by the statute to fill such office.

3. SAME. The official acts of a *de facto* officer are recognized as valid on the high ground of public policy, and for the protection of those having official business to transact, and the acts of such *de facto* officer cannot be collaterally attacked.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, District Judge.*

*Keaton & Kearful,* for plaintiff in error

*J. C. Strang, Attorney General,* for defendant in error.

Opinion of the court by

HAINER, J.: The appellant, Robert Morford, was indicted, tried and convicted of the crime of perjury in the 'district court of Payne county, and sentenced to serve a term of five years at hard labor in the territorial peni-

tentiary, at Lansing, Kansas. The perjury of which the defendant was convicted was assigned upon certain alleged false testimony given in the case of the *Territory v. William G. Martin*, who was tried and convicted upon the charge of criminal libel in the probate court of Payne county, in November, 1897. There is no contention in the brief of counsel for appellant that any error was committed in the trial of the case at bar which would warrant a reversal of the cause, but the only contention is that in the case of the *Territory v. Martin*, who was tried and convicted of criminal libel in the probate court, and which judgment was subsequently affirmed by this court, (8 Okla. 41), he was not tried for such offense according to law; that said trial of Martin was *coram non judice*, and therefore, void, for the following reasons:

1. That the trial in the case of the *Territory v. Martin* in the probate court, wherein it is alleged in this case that the false testimony was given, was had before a jury composed of only six persons.

2. That said trial was had upon a mere complaint of one other than the county attorney.

3. That the trial by the jury was presided over by a probate judge who was not a lawyer, nor ever licensed to practice law.

In *Martin v. The Territory*, 8 Okla. 41, this court held that the probate courts of this Territory have jurisdiction of the offense of criminal libel. The probate court having jurisdiction of the defendant and of the offense of which he was convicted, any error occuring during the trial, no matter how irregular or erroneous it might have been, is no excuse or justification for the crime of perjury for which Morford was indicted, tried and convicted. It

is true that the doctrine is well established that where the court has no jurisdiction of the defendant or of the crime of which he is charged, any false testimony given in the course of such trial does not constitute perjury; but, on the other hand, if the trial was merely voidable, even if there be such defects as would require a reversal of the cause on appeal, false testimony given in the course of such trial, if material, constitutes perjury.

Wharton, in his work on Criminal Law, sec. 2225, announces the rule as follows:

"A suit which is actually void and null from want of jurisdiction or other incurable defects, is not one in which perjury can be committed. But if the proceedings are merely voidable, even though there be such defects as require a reversal on error, false swearing in its conduct is perjury, if such false evidence could by any contingency be introduced as testimony."

The trial of Martin by a jury composed of only six persons upon the charge of criminal libel, if error, was merely erroneous and would not render the entire proceedings null and void for want of jurisdiction. And hence, we think, so far as the issues involved in this case are concerned, it is wholly immaterial whether or not Martin was tried by a jury of six persons or by a jury composed of twelve persons, as it is contended by the appellant. It would be a strange and novel doctrine to announce that perjury could not be predicated upon false testimony given in the course of a trial that was merely irregular, erroneous or voidable, and which could not affect the jurisdiction of the court in which the trial was had, although such errors might have occurred on the trial as to constitute reversible error on appeal.

The next proposition for which counsel contend this case should be reversed, is that the trial of Martin in the probate court for the offense of criminal libel, was had upon a mere complaint of one other than the county attorney. The record does not sustain counsel in this contention. It appears from the testimony of Robert Lowry, who was a witness in this cause, that an information was filed in the probate court instead of a complaint; that such information was filed by the county attorney; and that said information was prepared by Mr. Lowry in connection with the county attorney. The record, also, in the case of the *Territory v. William G. Martin, supra*, shows that the information was filed by the county attorney, A. T. Neal, based upon a positive affidavit sworn to by one Samuel Diel.

And lastly, counsel for appellant insist that this cause should be reversed for the reason that the trial in the libel suit of Martin was presided over by a probate judge who was not a lawyer, nor ever licensed to practice law. The record discloses that the presiding judge was duly elected, qualified and acting as probate judge of Payne county at the time the alleged false testimony was given by the appellant; that the presiding judge had served for more than two years as probate judge of said county and had been re-elected and was serving his second term. It is true that the record shows that he was not a licensed lawyer and did not possess the qualifications prescribed in sec. 2, ch. 18 of the session laws of 1895, which reads as follows:

"Section 2. That in addition to other qualifications required of a probate judge, he shall be a licensed lawyer in good standing, shall be of the age of twenty-five years

or over, and shall have practiced his profession for at least three years next preceding his election."

But, notwithstanding the fact that the probate judge was not a licensed attorney at the time he was elected, there is no question that at the time said cause was tried in the probate court he was a *de facto* probate judge of said county and had full power and authority to try said cause and administer oaths to witnesses. The acts of a *de facto* officer are as valid and effective when they concern the public or rights of third persons as though they were officers *de jure*. Where an office exists under the law, and a person is elected to fill such office, and duly qualifies and enters upon the discharge of his official duties, he is a *de facto* officer, and his acts are valid, notwithstanding the fact he may not possess all the requisite qualifications as prescribed by the statute to fill such office.

In *Hussey v. Smith*, 99 U. S. 20, the supreme court of the United States in discussing this subject said:

"An officer *de facto* is not a mere usurper, nor yet within the sanction of law, but one who *coloreo officii* claims and assumes to exercise official authority, is reputed to have it, and the community acquiesces accordingly. (*Wilcox v. Smith*, 5 Wend. 231; *Gilliam v. Reddick*, 4 Ired. L. 368; *Brown v. Lunt*, 37 Me. 423.) Judicial as well as ministerial officers may be in this position. (Freeman, Judgments, sec. 148.) The acts of such officers are held to be valid because the public good requires it. The principle wrongs no one. A different rule would be a source of serious and lasting evils."

In *Norton v. Shelby County*, 118 U. S. 425, Mr. Justice Field, in delivering the opinion of the court upon this subject said:

"Where an office exists under the law, it matters not how the appointment of the incumbent was made, so far as the validity of his acts are concerned. It is enough that he is clothed with the insignia of the office, and exercises its powers and functions. As said by Mr. Justice Manning, of the supreme court of Michigan, in *Carleton v. People*, 10 Mich. 259, where there is no office there can be no officer *de facto*, for the reason that there can be none *de jure*. The county offices existed by virtue of the constitution the moment the new county was organized. No act of legislation was necessary for that purpose. And all that is required when there is an office to make an officer *de facto*, is that the individual claiming the office is in possession of it, performing its duties, and claiming to be such officer under color of an election or appointment, as the case may be. It is not necessary that his election or appointment should be valid, for that would make him an officer *de jure*. The official acts of such persons are recognized as valid on grounds of public policy, and for the protection of those having official business to transact." * * *

In a very recent case, Mr. Chief Justice Fuller, in discussing this subject in *Ex parte Henry Ward*, 173 U. S. 452, announced the following rule:

"Where a court has jurisdiction of an offense and of the accused, and the proceedings are otherwise regular, a conviction is lawful, although the judge holding the court may be only an officer *de facto*; and the validity of the title of such judge to the office, or his right to exercise the judicial functions, cannot be determined on a writ of *habeas corpus*."

The learned judge also declared in this case that:

"The title of a person with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked."

Conceding that the probate judge who tried Martin for criminal libel and administered the oath to the appellant,

when the alleged false testimony was given, and upon which the perjury is assigned, was only a *de facto* officer, his acts while exercising the duties and functions of a probate court were valid, and his acts could only be attacked in a direct proceeding, and not in a collateral manner as attempted in this case.

We have examined the record and can perceive no error committed in the trial of this cause which could in any manner affect the substantial rights of the plaintiff in error.    The judgment of the district court is therefore affirmed.

Burford, C. J., having presided in the court below, not sitting; all the other Justices concurring.