# CHARLESTON.

E. J. PRIVETT *v.* BOARD OF EDUCATION *et al.*

## (No. 5995)

Submitted May 26, 1927.  Decided May 31, 1927.

1.  SCHOOLS AND SCHOOL DISTRICTS—*Statute Vests County Superintendent With Discretionary Power to Approve Site of School Lands Selected by School Board (Code, c. 45, § 49).*

    That part of section 49 of chapter 45 of the Code, 1923, which provides that "no lands may be purchased by any board of education, nor condemned by any circuit court, unless such lands have first been approved for the purpose or purposes intended, by the county superintendent of schools, in writing," vests in the county superintendent discretionary power to approve or disapprove the site selected by the board. (p. 38.)

    (Schools and School Districts, 35 Cyc. p. 931 [Anno].)

2.  SAME—*County Superintendent's Refusal to Approve Schoolhouse Site May Not be Judicially Reviewed, Except for Clearly Wilful and Arbitrary Disregard of Duty, or Caprice, Passion, Partiality, or Corruption ·(Code, c. 45, §§ 49, 50).*

    The refusal of the county superintendent of schools to approve the selection of a schoolhouse site made by the district board of education, in the proper exercise of his discretionary power, is not subject to judicial review on the ground that a different decision should have been made, unless it clearly appears that he has wilfully and arbitrarily disregarded his duty, or that his decision was due to caprice, passion, partiality or corruption·   (p. 39.)

    (Schools and School Districts, 35 Cyc. p. 931.)

3.  OFFICERS—SCHOOLS AND SCHOOL DISTRICTS—*One Forfeiting Office by Accepting Another but Performing Duties of Forfeited Office, is "De Facto Officer," Whose Acts Are Valid as to Persons Other Than Himself; President of School Board Held De Facto Officer, Regardless of Accepting Office of Justice of Peace (Code, c. 7, § 15).*

    One who forfeits his right to an office of which he is the incumbent by accepting another office incompatible with the first, but afterwards performs the functions of the office forfeited, is a *de facto* officer of the office first held, and his

acts done before his removal therefrom are valid as to persons other than himself.  (p. 40.)

(Officers, 29 Cyc. p. 1389; Schools and School Districts, 35 Cyc. p. 886.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by E. J. Privett for mandamus to be directed to the Board of Education of the Slab Fork School District in Wyoming County and C. L. Cook, county superintendent of schools of Wyoming County.  Decree for petitioner, and the last-named defendant brings error.

*Decree reversed; petition dismissed.*

*M. F. Matheny,* for plaintiff in error.

*E. W. Worrell,* for defendant in error.

MILLER, JUDGE:

The petitioner sought, in the circuit court, a writ of mandamus, requiring the Board of Education of Slab Fork District in Wyoming County to execute a contract for the purchase of a lot for school purposes, and also requiring the county superintendent of schools for said county to approve the location and purchase of the lot selected by the said board.

The petitioner alleges that he is a citizen and taxpayer, and a patron of the public schools, of the district; that the board of education of the district selected a site for the erection of a school house and contracted with one H. G. McGraw for the purchase of one acre of land on which to erect said building; that the superintendent of schools of the county refused to approve the location so selected; that the said site is as conveniently located as any other site in the subdistrict, is along and near to a paved county road, above high water mark, of smooth and even surface, and in all respects well suited for the purpose for which it was selected; that when the said board had made the selection of said site, it became the duty of the county superintendent of schools to approve the same; and that by his action in failing to do so

the youths of the sub-district had been deprived of the advantages of a school therein.

By their answer the board of education admit all the facts alleged in the petition, and join in petitioner's prayer that the county superintendent be required to approve the site so selected by them.

The respondent C. L. Cook, county superintendent of schools, by his answer denies that the proposed location for the new school house is conveniently situated to accommodate a great majority of the patrons of the sub-district; but alleges that another location named would serve a greater number of school children, and is a more level and better situated tract of land; that the meeting of the board at which the selection was made and the property contracted for, was illegal, for the reason that but one qualified member of the board was present, the president of said board being disqualified for the reason that he had been elected justice of the peace and was also serving in the capacity at the time, and the third member, who, however, was not present, disqualified from acting in the matter because a half owner of the proposed school house site; and that he advised the board that he would approve of either of two other sites, which he deemed were more advantageously located, but that the board never at any time indicated to him any desire or intention of seeking his co-operation in the selection of either of the other sites. He further alleges that he is ready and willing to co-operate with the board and the citizens of the subdivision in the selection and purchase of a proper site, but not for the purchase of the site proposed by the board; and that he is desirous of exercising his sound judgment and discretion without coercion.

On the pleadings and the testimony introduced on the hearing, the circuit court found that the petitioner was entitled to the relief prayed for; and adjudged and ordered that the respondent C. L. Cook, county superintendent of schools, at once approve the proposed site in writing as directed by section 50 of chapter 45 of the Code, as and for a school house site in said community.

While the circuit court found on the facts in evidence that the county superintendent committed an error in judgment, had the court jurisdiction by writ of mandamus, to reverse his judgment and compel him to act contrary to his decision on the facts? We have held that in a proper case mandamus will lie to compel such an officer so to act, when the facts justify it. *Dillon* v. *Bare and Carter,* 60 W. Va. 483.

But in *State ex rel. Dodd* v. *Hill, Commissioner of Banking,* 84 W. Va. 468, where the statute, section 78 of chapter 54 of the Code, provides that "hereafter no charter shall be issued to any bank to do business in this state until the application therefor has been approved in writing by the commissioner of banking," we held that the commissioner was vested with discretionary power to approve or reject such application; and that his refusal to approve an application for a charter in the proper exercise of his discretionary power is not subject to judicial review on the ground that a different decision should have been made, unless it clearly appears that he wilfully and arbitrarily disregarded his duty, or that his decision was due to caprice, passion, partiality or corruption. And in *Dillon* v. *Bare* and *Carter, supra,* the same principle was applied, where mandamus was sought to compel the assessors to reassess and revalue certain property in their district, at its true and actual value, according to their honest judgment, based upon such information as the law requires them to consider. There the officers answered that after giving thorough consideration to the property in question, acting in good faith, they had fixed and determined upon the value thereof; and it was held that their discretion could not be reviewed by mandamus.

Section 49 of chapter 45 of the Code provides "that except in independent school districts, no lands may be purchased by any board of education, nor condemned by any circuit court, unless such lands have first been approved for the purpose or purposes intended, by the county superintendent of schools, in writing;" and section 50 thereof further provides "that no school house or other school building shall be constructed by any board of education, except in independent districts, until the location therefor has first

been approved by the county superintendent of schools, nor until the plans for such building have first been approved in writing by said superintendent, unless the plans have been indorsed by the state board of education or its agent. In the event said board can not agree upon the location or plans of any proposed school building said county superintendent shall select the location and the plans for such building.''

It can not be contended that the Legislature did not intend to confer on the county superintendent discretionary powers to approve or disapprove locations and plans for school buildings. If his action were merely ministerial, we can conceive of no reason for the provisions above quoted. No act of his would be necessary to carry out the action of the board. There can be no doubt of the right of the Legislature to confer on county superintendents such discretionary powers. *Dodd* v. *Hill, supra.*

If the county superintendent should fail or refuse to act on the selection of a location or the plans submitted by the board, mandamus would lie to compel him to do so. *Dillon* v. *Bare* and *Carte, supra.* But to compel him to act in a particular way, to approve the action of the board, would be to rob him of the discretion conferred on him by the Legislature, and thus nullify the statute. There is in this case no evidence tending to show that the county superintendent was acting in disregard of his duty, or that he was actuated by caprice, passion, partiality or prejudice. He says in his sworn answer that he ''declined to approve of the proposed location for the reason that it is inconveniently located to the greater number of the patrons of the school and because a more convenient site may be had at a cost not to exceed that charged for the McGraw-Worrell site, and a site that is perfectly level and lies within a tract of land where additional level land may be procured at some future date.'' On the facts appearing in the record he might honestly have arrived at the decision he did. The proposed site appears to be somewhat rolling, and perhaps to secure additional land for playgrounds it might be necessary to go up on the hillside. The acquisition of land for such playgrounds is con-

templated and authorized by the statute. Sec. 49, Ch. 45, Code 1923. To accept the finding of the circuit court on the facts, and reverse that of the county superintendent, would be to take away from the latter the discretion clearly given him by law.

It is contended that the president of the board of education is also justice of the peace in the district, and that, therefore, he was disqualified to act in the matter under consideration. Section 15 of chapter 7 of the Code provides: ''All judgments given and all acts done by any person, by authority or color of any office, or the deputation thereof, under the restored government of Virginia or of this State, before his removal therefrom, shall be valid, though it may afterwards be decided or adjudged that he was not lawfully elected or appointed or was disqualified to hold the office, or that the same had been forfeited or vacated.'' (Code Va. 1860, p. 101; Acts 1882, ch. 42.) *State* v. *Carter,* 49 W. Va. 709; *Bldg. & Loan Asso.* v. *Sohn,* 54 W. Va. 101; *Franklin* v. *County Court,* 86 W. Va. 479. In *Bldg & Loan Asso.* v. *Sohn,* we held: ''One who forfeits his right to an office of which he is the incumbent, by accepting another which is incompatible with it, and afterwards performs the functions of the office forfeited, is an officer, *de facto,* and his acts, done before removal from such office, are valid as to persons other than himself.'' We need not decide here whether or not the president of the board of education forfeited his office by accepting that of justice of the peace. It is admitted that at the time of the act here complained of, he was exercising the powers and performing the duties of a member of the board of education. He was a *de facto* officer, under the statute and the decisions above cited.

For the reasons assigned, the decree will be reversed and the petition dismissed.

*Decree reversed; petition dismissed.*