# CHARLESTON.

STATE *ex rel* BOARD OF EDUCATION OF PARKERSBURG INDE-
PENDENT SCHOOL DISTRICT, *Relator*

*v.*

COUNTY COURT OF WOOD COUNTY, AND GORDON C. ENOCH,
SHERIFF OF WOOD COUNTY AND AS SUCH EX OFFICIO
TREASURER OF PARKERSBURG INDEPENDENT SCHOOL
DISTRICT AND PARKERSBURG MAGISTERIAL
DISTRICT, *Respondents.*

(Uos. 6144, 6144-A, 6144-B)

ubmitted November 1, 1927.   Decided January 25, 1928.

SCHOOLS AND SCHOOL DISTRICTS—*Fund Constituting County's· Divi-
dends From Bridge Stock, Profits From Sale Thereof, and
Sinking Fund, Should be Paid to Public School Fund (Code
1919, c. 39, § 24).*

In exchange for $175,000.00 of bridge stock purchased on
behalf of Parkersburg Magisterial District of Wood county,
under section 24, chapter 39, Code, the county court of said
county issued bonds of the district for like amount. It also
provided from levies on all taxable property of the district,
90% of which is situated within the city of Parkersburg
which has constructed and maintains its streets, roads and
alleys), a sinking fund of $87,500.00 for the retirement of
said bonds. Having sold the stock and from the purchase
price thereof paid the bonds, the county court now has
$15,750.00 dividends from the stock, $334,716.67 profits from
the sale, and the sinking fund of $87,500.00. *Held:* in view
of said section 24, chapter 39, Code, providing that the
dividends from such stock shall be credited to the free school
fund of the district, and the policy of the state to devote to
the advancement of education all properly available funds,
and in order that the three several sums may be equitably dis-
bursed for the benefit of the entire district, the same should
be paid and credited to the public school fund of the district.

(Schools and School Districts, 35 Cyc. p. 821.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Original proceeding by the State on the relation of the
Board of Education of the Parkersburg Independent School

District, for three separate writs of mandamus to be directed to the County Court of Wood County, Gordon C. Enoch, as Sheriff· and as ex officio Treasurer of Parkersburg Independent School District and Parkersburg Magisterial District.

*Writs awarded.*

*Russel, Hiteshew & Adams* and *Brown & McIntire,* for relator.

*C. M. Hanna,* for County Court of Wood County.

LITZ, JUDGE:

The relator, Board of Education of Parkersburg Independent School District, seeks three separate writs of mandamus, commanding the respondents, county court of Wood County and Gordon C. Enoch, as sheriff and *ex officio* treasurer of said county, to pay and credit to the free school fund of Parkersburg Independent School District, three several funds of $334,716.67, $87,500.00, and $15,750.00, respectively.

These proceedings are the aftermath of what has been termed ''The Parkersburg Bridge Case''; instituted in the circuit court of Wood County by the said board of education of ·Parkersburg Independent School District and a number of citizens and taxpayers of Parkersburg Magisterial District (coterminus with the school district) against the county court of Wood County, E. A. Brast and others, to cancel a sale, for cash, at par, by the said county court, of 1,750 shares of the capital stock of Parkersburg-Ohio Bridge Company, standing in¯the name of the Parkersburg Magisterial District, to Hambleton & Company, a Maryland Corporation, for the benefit· of itself, E. A. Brast and, others, on· the ground of fraud, inadequacy of consideration and want of authority in the county court to make the sale. The Parkersburg-Ohio Bridge Company was chartered July 29, 1913, for the purpose of constructing and operating a toll bridge across the Ohio River, between the city of Parkersburg, West Virginia, and the village of Belpre, Ohio. Not being able to interest sufficient private capital in the venture, the company petitioned the county court of Wood County to purchase $175,000.00 of its

capital stock on behalf of the Parkersburg Magisterial District. Thereupon, the county court entered an order, May 6, 1914, calling an election, under section 24, chapter 39, of the Code, to vote bonds for the purchase of such stock on behalf of said district, and providing: "So far as consistent with law the said stock shall be held for the use and benefit of the district of Parkersburg, and all dividends thereon shall be first applied towards paying the interest on the $175,000.00 of district bonds to be voted by said district as consideration therefor, and all avails of said stock, either from dividends thereon, or from sales thereof, after the payment of interest on said district bonds shall be used by said county court for the retirement of said district bonds and *any surplus resulting therefrom shall be held and used for the benefit of the district of Parkersburg:"*

The bonds having been voted, the county court entered another order, January 23, 1915, subscribing for $175,000.00 of the stock on behalf of the Magisterial District, directing the exchange therefor of district bonds in like amount, and stating: *"Theh dividends on the capital stock of said Bridge Company, if any, when such dividends shall be collected and paid into the treasury, shall be applied annually in diminution of the district levy.* The principal of the capital stock of said Bridge Company given in exchange for said district bonds, when and as said stock shall be purchased or retired by said Bridge Company, or in any manner disposed of by this court, shall be applied by this court to the payment of the principal of said bonds at maturity, or when called in the exercise of the right of redemption, as aforesaid, or the same may be paid into the sinking fund for the payment of the principal of said bonds *and applied in diminution of the district levy."*

Much evidence was offered by the plaintiffs in the bridge case to prove alleged inadequacy of the consideration paid for the stock, including the testimony of D. B. Crawford, a party plaintiff to the original bill, who testified that it was worth $300.00 per share upon cancellation of the sale to Hambleton & Company. Taking into consideration the evidence

as to the value of the stock, other evidence indicating secrecy and haste without a proper regard for the public interest on the part of the county court in the sale of the stock, the fact that the purchase price had been applied by the county court in retiring the district bonds, and the further fact that the plaintiffs in the suit made no offer to restore the *status quo,* this Court entered a decree, upon appeal from the circuit court, setting aside the sale on condition that Crawford execute his offer of $300.00 per share for the stock, by paying to Hambleton & Company its purchase money, with interest, and the balance of the bid to the county court for legal disbursement. *Board of Education of Parkersburg Independent School District et al.* v. *County Court of Wood County et al.,* 104 W. Va. 40, 138 S. E. 761.

Crawford promptly accepted the provisions of the decree by paying to the original purchaser $190,283.33, and the balance $334,716.67, (which the public gained as the result of the suit), to the county court.

The county court also received $15,700.00 in dividends from the stock before the sale to Hambleton & Company.

A sinking fund of $87,500.00 was provided by district levies for the retirement of the district bonds is issued in exchange for the stock. The bonds being paid, the relator insists that all three sums should be paid and credited to the free school fund of the district. Relying upon its orders hereinbefore cited, the respondent county court in turn contends that the funds belong to the magisterial district and that it may, therefore, apply the same to any district purpose for which it is authorized to expend money.

The controversy involves the respective interests of the citizens and taxpayers of the City of Parkersburg (entirely within the district), and those of the district outside the city. Disbursement of the money by the county court for road purposes will not benefit the taxpayers of the city, in which 90% of the taxable property of the district is situated, for the reason that it has constructed and is maintaining its own roads, streets and alleys under section 43, chapter 47, Code, providing that the property within an incorporated city or town

which constructs and keeps in good repair, its roads, streets, alleys, sidewalks and gutters, is exempt from district road taxes. If, on the other hand, these funds are applied to school purposes by the Board of Education, all parts of the district will be equally benefited. There can be no question that the fund of $15,750.00 should be credited to the free school fund of the district. Said section 24, chapter 39, specifically provides that the dividends from such stock shall be credited to the free school fund of the district. We are of opinion also that the district school fund should receive the benefit of the income or profit, of $334,716.67 from the sale of the stock to Crawford. This ruling accords with the spirit of the statute and the policy of the state to devote to the advancement of education all properly available funds, and insures an equitable distribution of the money throughout the district.

The $87,500.00, provided for retirement of the bonds by levies upon all the property in the district, must now likewise be equitably disbursed for the benefit of the entire district.

Peremptory writs are therefore awarded.

*Writs awarded.*