## JASPER VIRGIL COX v. STATE.

No. A-10995.    May 25, 1949.

(206 P. 2d 1005.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, Jasper Virgil Cox, was charged by information in the county court of Kiowa county, Okla., with the crime of unlawful possession of intoxicating liquor, tried, convicted and sentenced to a term of 30 days in jail and to pay a fine of $50.

The offense was allegedly committed on July 13, 1947. The record discloses that he was in possession of 38 pints of whisky, 21 4/5 quarts of whisky, 2½ pints of whisky, 3 pints of gin and 2½ pints of alcohol.

The liquor was seized under and by virtue of a search warrant issued out of the justice of the peace court of Fred Reinmiller, acting as justice of the peace of the city of Hobart, Okla. The validity of the seizure was attacked in a motion to suppress in the trial court which was overruled. The facts are not in dispute. The basis of this attack is that on May 5, 1947, Fred Reinmiller was justice of the peace of the city of Hobart, Okla., Kiowa county; that on said date in a re-organization session of the city council of Hobart, Okla., the mayor, P. J. Cosner, appointed the said Fred Reinmiller police judge. The record discloses that thereafter on July 1st he assumed the duties thereof, having tendered his resignation to the county commissioners effective from and after July 7, 1947. The record discloses the county commissioners accepted his said resignation on July 10, 1947. The record further shows he made claim for pay against the city of Hobart, Okla., for services rendered as police judge and was paid for said services for the entire month of July, 1947, the sum of $65. The record further shows that he never relinquished the office of justice of the peace

but that he acted in said capacity up to and including July 7th, the date on which the aforesaid search warrant was issued. It further appears that the said warrant was received by the sheriff on July 7th at 2 p. m., and was served on the defendant on July 13, 1947.

On the basis of the foregoing facts it is contended by the defendant that upon the said Reinmiller assuming the office of police judge of the city of Hobart on July 1, 1947, he ipso facto abandoned the office of justice of the peace, and that the search warrant involved in this case, and the search made thereunder, were absolutely void and of no effect, and that the trial court erred in overruling defendant's motion to suppress the evidence obtained by virtue of the search. In support of his contention the defendant relies upon the following authorities: Gibson v. Crowder, 196 Okla. 406, 165 P. 2d 628; Wimberly v. Deacon, 195 Okla. 561, 144 P. 2d 447; Riley v. Cordell et al., 200 Okla. 390, 194 P. 2d 857, 861. The foregoing cases were all direct actions against the office holder himself to determine his right to hold one of two offices he sought to fill. In all such cases the Supreme Court announced the rule to be:

"* * * when a public officer occupying one office enters upon the duties of another office, when under the law he cannot hold both offices, the acceptance of the second office operates ipso facto to vacate the first office."

This rule is a correct statement of the law as applied in a direct proceeding seeking to determine the right of the holder to one of two offices he assumes to fill. Such proceedings affect only the officeholder himself. No such situation confronts us in the instant case as to make the foregoing rule applicable. The attack here is not direct but collateral. The right to hold the office is not directly in issue, but instead the acts of one claiming

to exercise authority under color of office is being attacked in a collateral proceeding. Therefore, the decisive question involved here is, in accepting the office of police judge and at the same time not relinquishing the office of justice of the peace, and while acting in the people's interest, are the acts of Fred Reinmiller so acting, valid as to third persons, and can such acts be attacked collaterally?

Under these conditions, under what character and right and upon whom would the acts of Fred Reinmiller be binding? There can be no question before his assuming the office of police judge but what he was a justice of the peace de jure, who in all respects was legally appointed and qualified to exercise the duties of the office. There can be no question but where he was personally concerned, after he assumed the duties of police judge under the authorities of this state, his acts as justice of the peace would personally avail him nothing, that is, it would be of no advantage to him in the matter of collecting fees, etc. But the facts disclose after he assumed the duties and responsibilities of police judge he did not cease the performance of the duties as justice of the peace under the belief he could lawfully so continue to act. Thus, in performing the duties and responsibilities of the office of justice of the peace, what was his character? He was in possession of the office. He had the reputation of exercising the judicial functions he assumed. He was not a usurper. He acted under color of lawful right. Therefore, he was what the law defines as an officer de facto. In Sheldon v. Green, 182 Okla. 208, 77 P. 2d 114, 115, it was said:

"In Layne v. State, 23 Okla. Cr. 36, 212 P. 328, it was said that a judge de facto is one acting with color of right, and who is regarded and has the reputation of

exercising the judicial functions he assumes. A judge de facto differs on the one hand from a mere usurper of the office who undertakes to act without any color of right, and on the other from a judge de jure who is in all respects legally appointed and qualified to exercise the duties of the office. 33 C.J. 925. While mere possession of the office is not sufficient to make the incumbent a de facto judge, possession plus color of title to the office, if the office actually exists, is considered sufficient."

Under the facts presented herein Reinmiller was clearly acting as justice of the peace de facto. In acting as an officer de facto, what was the effect of his acts as to the interests of the people and third persons? This court has passed squarely upon that question. Where one is acting as an officer de facto, in Morgan v. State, 66 Okla. Cr. 205, 90 P. 2d 683, 685, this court said in the body of the opinion:

"Beginning with the early opinions of this court, it has been repeatedly held and defined that an officer de facto is one whose acts, though not those of a lawful officer, the law upon principles of policy and justice will hold valid so far as they involve the interests of the people and third persons, where the functions of the office are exercised by one who is in the actual possession of it under color of title.

"In Ex parte Crump, 10 Okla. Cr. 133, 135 P. 428, 47 L.R.A., N.S., 1036, the court re-affirmed the doctrine set forth herein, that the acts of the officer rightly in possession of the office and under color of title are valid as against third persons and cannot be questioned in a collateral attack.

"In 15 Corpus Juris 875, Section 215, is stated the following:

" 'The legality of the existence of a de facto court and its right to exercise its functions cannot be inquired into collaterally, but only in a direct proceeding at the instance of the state.' "

The Supreme Court of the State of Oklahoma held the acts of a de facto officer valid as to the public interest and third persons in the early case of Morford v. Territory, 10 Okla. 741, 63 P. 958, 54 L.R.A. 513. In the latter case it was held:

* * * although a person acting as county judge was not qualified (not having the number of years practice required by the statute), still his orders rendered during his de facto tenure were valid, and that his judgment rendered in the case, though the question of his competency was presented, would not be reversed.

To the same effect is Mid-Continent Building Co. v. Board of Equalization, 184 Okla. 525, 88 P. 2d 626, wherein in syllabus 3 the Supreme Court of Oklahoma said:

"Alleged fact that member of county board of equalization had forfeited his right to office by accepting another and incompatible office would not render board's order fixing value of taxpayer's property invalid, since member, if he had forfeited office, was still a de facto member of board."

In the body of the opinion the Supreme Court cited the case of Privett v. Board of Education of Slab Fork School District, 104 W. Va. 35, 138 S. E. 461, at page 463, wherein it was said:

" 'One who forfeits his right to an office of which he is the incumbent, by accepting another which is incompatible with it, and afterwards performs the functions of the office forfeited, is an officer, de facto, and his acts, done before removal from such office, are valid as to persons other than himself.' We need not decide here whether or not the president of the board of education forfeited his office by accepting that of justice of the peace. It is admitted that at the time of the act here complained of, he was exercising the powers and performing the duties of a member of the board of educa-

tion. He was a de facto officer, under the statute and the decisions above cited."

The Privett case is clearly in point herein. In light of the foregoing authorities, it is clear that Fred Reinmiller in assuming to act as justice of the peace in issuing the warrant for the search and seizure in the case at bar was not a usurper, was rightly in possession of the office, was acting under color of right, on a matter of public interest affecting a third person, the defendant herein, and as hereinbefore indicated upon principles of policy the acts of such officer de facto were valid. For the foregoing reasons the trial court did not commit error in overruling the motion to suppress the evidence obtained under the search and seizure herein in question, and the conviction predicated upon the evidence thus obtained and the judgment and sentence rendered thereon is therefore valid, and the same is accordingly affirmed.

JONES, P. J., and BAREFOOT, J., concur.