## STATE ex rel. WILLIAMS v. BATSON.

No. 26026.   Dec. 18, 1934.

W. J. Williams, for petitioner.

John Steele Batson, for respondent.

BAYLESS, J. W. J. Williams, county attorney of Love county, Okla., hereinafter called petitioner, filed in this court an original action against John Steele Batson, hereinafter called respondent. The allegations of the petition, in substance, are: (1) That petitioner is the county attorney of said county, and brings the action on behalf of the state of Oklahoma; (2) that Love county, Okla., is now in what is known as district court judicial district No. 8, for which two district judges are provided by law; but that Asa E. Walden, who was the incumbent of one of said judgeships, died September 2, 1934, and that the office held by him was thereby vacated; that it has remained vacant since, and no one is entitled to hold said office; (3) that the Governor of Oklahoma purported to appoint the said respondent to fill said vacancy, and issued him a commission to that effect, and the said respondent filed said commission with the Secretary of State, took the oath of office, and has given notice of his intention to exercise the duties of said office in cases affecting the county's interests; (4) that the said respondent lacks the qualifications to hold said office specified by article 7, sec. 9, Constitution of Oklahoma, in that he was admitted to practice law July 19, 1932, and therefore has practiced law only approximately two and one-half years instead of the four years which are required by said section, supra; by reason of all of which the said respondent has no lawful claim to said office; and (5) prays for appropriate relief.

Respondent filed a motion to dismiss the action, which raised legal questions only. He has not filed an answer. Respondent argues in his brief that he holds said office by virtue of an executive order and commission of Hon. Wm. H. Murray, Chief Executive and Governor of Oklahoma. We therefore take as admitted all of the allegations of fact contained in said petition. The questions of law raised in the motion to dismiss, and argued in the oral argument, are sufficient to make an issue of law upon the conclusions of law set out in the petition.

Respondent contends that this is a proceeding for a writ of prohibition against him as a de facto officer, seeking to prohibit him from exercising the duties of the office of district judge, and under the general line of authorities this action will not lie, since this court will not try the title to the office in a proceeding for writ of prohibition. Our Legislature has substituted in lieu of quo warranto, proceedings by information in the nature of quo warranto, or a civil action for the purpose of trying title to office or conflicting claims to public office. Chapter 96, S. L. 1925, now section 765, O. S. 1931, provides, in substance, that such an action is maintainable. Subdivision 1, section 766, O. S. 1931, provides:

"First. When any person shall usurp, in-

trude into, or unlawfully hold or exercise any public office."

In considering the allegations of the petition, while the petition does in effect ask this court to prohibit the said respondent from occupying said office in the prayer, yet we have consistently held that the prayer of a petition is no part thereof in the sense of exercising a controlling influence upon the character of the action, but, in this connection, it is to be observed that should the relief sought be granted, it would automatically carry with it a prohibition against the exercise of the duties of said office by the respondent. Therefore, from an examination of the petition as a whole, we are of the opinion, and so hold, that this is a civil action as defined in section 765, O. S. 1931, and as such is maintainable under the first subdivision of section 766, O. S. 1931.

Respondent next contends that the petitioner is not the proper person to maintain this action. He bases this upon several grounds.

The first ground is that no one else is entitled to the office in whose name or on whose behalf the action may be maintained. It is clear from the pleadings that the legal incumbent of the office died, and that no one except respondent now claims said office. However, his argument in this respect has been fully answered by what we said in Byrd v. State ex rel. Roff, Co. Atty., 99 Okla, 165, 226 P. 362.

"But where no person is entitled to hold the office, he (referring to county attorney) may still commence the action in the name of the state, by simply stating, as the county attorney has done in this case, that no person is entitled to hold the office. We suppose, that it will hardly be claimed, where there is no individual who can commence an action to oust an intruder from office, that the state is also powerless in the matter; we suppose it will hardly be claimed that where there is no individual who is competent to bring the action, the people of a city may be governed by usurpers and intruders without any legal means for relief."

Another ground in support of this contention is the claim that the petitioner may bring such actions only in the lower courts, presumably against county officials only, and not in the Supreme Court against state officials. Respondent says actions of the latter class are solely within the province of the Attorney General, acting upon orders from the Governor.

We have heretofore quoted from our law to show that an action may be maintained when a person is usurping, intruding into, or unlawfully holding or exercising the duties of a public office. The preliminary provision of section 766, O. S. 1931, reads:

"Such action may be brought in the Supreme Court or in the district court. * * *"

Section 767, O. S. 1931, provides:

"When the action is brought by the Attorney General or by the county attorney of any county of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state. * * *"

We find nothing in the language of the statutes relating to these civil actions that attempts to allocate the duties to the Attorney General as relates to actions in the Supreme Court, and to the county attorney as to those relating to the district court. We have consistently held since State ex rel. Atty. Gen. v. Huston, 27 Okla. 606, 113 P. 190, that the county attorneys might maintain appropriate proceedings against both county and state officials in matters affecting the county's interests. See, also, Dolezal v. Bostick, Co. Atty., 41 Okla. 743, 139 P. 964, and Swarts et al. v. State ex rel. Caldwell, 70 Okla. 205, 174 P. 255. These cases involved actions originally filed in district courts, but there is nothing in the language thereof to indicate that such courts were the sole forum of a county attorney. No such indication is contained in the language of the statutes, and we cannot adopt such contention. To do so would mean that a Governor, deliberately oblivious to the constitutional or statutory requirements of qualifications of state officers, could fill state offices in gross disregard thereof, and, by withholding his directions to the Attorney General to take action against them, maintain in such offices persons wholly disqualified therefor within the contemplation of the Constitution or statutes.

Under the undenied petition, respondent has not practiced law for a period of four years prior to his appointment to said office, and therefore lacks the requisite constitutional qualifications to hold said office; and the Governor of Oklahoma was and is without power or authority, either by executive order or ordinary appointment, to appoint him to said office; and the said John Steele Batson has no right or title to said office by reason of said appointment. We hold that respondent has no legal right to hold the position of district judge when it appears that he is not quali-

fied under article 7, sec. 9, of the Constitution, since the record discloses that respondent has only been admitted to practice law approximately two and one-half years instead of the four years required under said section of the Constitution.

It is the judgment of this court that the respondent, John Steele Batson, is adjudged hereby to have no legal right to hold or occupy the position of district judge of the Eighth judicial district of the state of Oklahoma, or perform the duties thereof, and he is hereby directed and ordered to desist from exercising or attempting to exercise jurisdiction as said judge.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. BUSBY, J., absent.