## SHELDON et al. v. GREEN.

No. 26510. March 8, 1938.

C. C. Wilkins, for plaintiffs in error.

J. W. Dixon, for defendant in error.

PHELPS, J. Plaintiff, Emma A. Sheldon, had a deficiency judgment against the defendant W. L. Green, in a case wherein she had foreclosed a mortgage against the mortgaged land, and had not realized therefrom the full amount of her judgment. She assigned said deficiency judgment to R. A. Lively. On October 6, 1934, she or R. A. Lively had an execution issued and levied against other land of the defendant Green.

On December 4, 1934, the land was sold at sheriff's sale, pursuant to the above execution, and was purchased by plaintiff's assignee, Lively, who on the same day filed his motion to confirm said sale. On the following day, December 5, 1934, John Steele Batson, who had been appointed district judge on November 21, 1934, signed an order sustaining the above motion to confirm the sale. On December 7, 1934, a sheriff's deed was issued to the plaintiff's assignee, Lively, whom we shall hereinafter call plaintiff. The only connection which Judge Batson had with the proceedings was the entering of his order sustaining the motion to confirm the sheriff's sale. All proceedings prior to that time had been conducted by Judge Asa Walden, whose death had created

the vacancy in the office to which Judge Batson was appointed.

On December 18, 1934, this court, in a proceeding instituted by the county attorney, held that Judge Batson had no legal right to hold or occupy the position of district judge, and directed and ordered him to desist from exercising, or attempting to exercise, jurisdiction as said judge. State ex rel. Williams v. Batson, 170 Okla. 103, 39 P.2d 76. The basis of the opinion was that the incumbent was not qualified to hold the office, due to the fact that he had only two and one-half years' experience as a lawyer, whereas article 7, sec. 9, of the Oklahoma Constitution required four years' experience as qualification for holding such office.

Two days after that opinion was filed, or on December 20, 1934, the defendant filed a motion to vacate the above-mentioned order of John Steele Batson sustaining the motion to confirm the sheriff's sale. The present incumbent, who in the meantime had been elected to the office, assumed the duties thereof on January 14, 1935. On January 24, 1935, he vacated the order of December 5, 1934, in which Batson as judge had confirmed the sheriff's sale. He also vacated and set aside the sheriff's deed, issued pursuant to that order. The plaintiff and her assignee (the purchaser) appeal from the order of January 24, 1935, vacating the former order and the sheriff's deed.

The sole basis for the present order, as stated by the trial judge and incorporated in the journal entry, is that the order confirming the sale was void

"* * * for the reason that the appointment of John Steele Batson as district judge * * * was void upon its face and he never was a judge and his acts were absolutely void."

The defendant does not contend that the order vacating the former order is supportable for any reason other than that assigned by the trial judge, as copied above. In fact the defendant admits in his brief that there would have been no question of the legality of the order of confirmation of sale if it had been presented to Judge John B. Ogden, the other of the two district judges for that district. Furthermore, due to other principles of review which need not be discussed here, the sole question now before this court is whether the removal of Batson as judge, as effectuated in State ex rel. Williams v. Batson, supra, rendered his prior order of December 5, 1934, confirming the sheriff's sale, void and of no effect. If that question

is answered in the affirmative, the order being appealed from should be affirmed; otherwise it should be reversed.

Our decision in State v. Batson, supra, did not purport to rule upon the validity of orders and judgments entered by Judge Batson prior to his removal. We there considered only his right to hold office, and the scope of the ruling extended no further than to adjudicate that he had no legal right to occupy the office and to direct him to desist from attempting to exercise jurisdiction. See the concluding paragraph, or mandate, in that decision.

The scope of the present decision need go no further than to determine whether Mr. Batson was a de facto judge. Under all of the discussions of that subject which we have been able to find, it clearly appears to us that he was a de facto judge. In Layne v. State, 23 Okla. Cr. 36, 212 P. 328, it was said that a judge de facto is one acting with color of right, and who is regarded and has the reputation of exercising the judicial functions he assumes. A judge de facto differs, on the one hand, from a mere usurper of the office who undertakes to act without any color of right, and on the other, from a judge de jure, who is in all respects legally appointed and qualified to exercise the duties of the office. 33 C. J. 925. While mere possession of the office is not sufficient to make the incumbent a de facto judge, possession plus color of title to the office, if the office actually exists, is considered sufficient. Clearly, in the instant case, the appointment was not void on its face, for it was signed by the Governor of the state, the appointee took the oath of office, filed the statement thereof with the proper official, and actively assumed the duties of the office. He thus performed the duties with a color of right, or color of title to the office. To establish that he was not qualified to hold the office required the production of evidence that he had not practiced law for the period of time required by the Constitution. The office actually existed, a vacancy was caused therein by the death of Judge Walden, and no other appointment had been made. Under the recognized tests he was a de facto officer.

Having come to the conclusion that until the filing of the opinion in State v. Batson, supra, he was a de facto officer, the next principle applicable is that the acts of a de facto officer are as binding as those of a de jure officer. This principle is well recognized, and applies as thoroughly to the

office of judge as it does to other public offices.

When once this court has thoroughly considered, discussed, and announced a principle of law, and the same question arises again, it should only be necessary to refer to the former decision. This we ·did, in so far as the present question is concerned, in Morford v. Territory, 10 Okla. 741, 63 P. 958, 54 L. R. A. 513, wherein it was held that although a person acting as county judge was not qualified (not having the number of years practice required by the statute), still his orders rendered during his de facto tenure were valid, and that his judgment rendered in the case, though the question · of his competency was presented, would not be reversed. For a more complete discussion of the question see that opinion. (Loc. cit. 10 Okla. 744, 63 P. 959.)

In Oklahoma Trans. Co. v. Lewis, 177 Okla. 106, 58 P.2d 128, it appeared that Judge Norman was assigned to hold court in Oklahoma county for one week. After the expiration of that week, and without any new order of assignment, he presided over the trial of a case wherein verdict and judgment were rendered for defendant. Subsequently the plaintiff filed a motion to vacate that judgment, on the ground that it was void because Judge Norman had no authority to preside. One of the regular judges sustained that motion, vacating the judgment on the ground that it was void. This court reversed that order, holding that Judge Norman was a de facto judge, and that the general rule should apply. The similarity of that case and the present one is obvious. See, also, C., R. I. & P. R. Co. v. Carroll, Brough, Robinson & Humphrey, 114 Okla. 193, 245 P. 649. Also, as to the reasons for the rule, and that the rule is necessitated by public policy, see State v. Bednar, 18 N. D. 484, 487, 121 N. W. 614, 20 Ann. Cas. 458; and 33 C. J. 971; 15 R. C. L. 519, 520, sec. 10.

We conclude that the trial court erred as a matter of law in construing the order of confirmation void on the ground stated in the journal entry and in overlooking the rule concerning the validity of the acts of de facto officers. Accordingly, the judgment is reversed and the cause is remanded, with instructions to overrule the motion to vacate.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.