STATE of Oklahoma ex rel. W. E. RICE, County Attorney of Noble County, State of Oklahoma, Plaintiff,

v.

Howard A. DUNNING, Defendant.

No. 37968.

Supreme Court of Oklahoma.

March 4, 1958.

Duard B. Willoughby, Louis Watson, Ada, for plaintiff.

Hardin Ballard, Purman Wilson, Purcell, for defendant.

PER CURIAM.

The proceeding herein was commenced on September 10, 1957, by W. E. Rice, County Attorney of Noble County, hereinafter called petitioner, filing in this court an original action against Howard A. Dunning hereinafter called respondent, wherein the verified petition alleges, in substance, as follows: (1) That petitioner is the County Attorney of Noble County and brings the action on behalf of the State of Oklahoma; (2) that in and by the act of the Legislature, Laws 1937, section 4; as amended Laws 1945, section 1, Title 2 O.S.1951, § 804, creating a Soil Conservation Board, provides in part as follows:

"A. There is hereby established, to serve as an agency of the State and to perform the functions conferred upon it in this Act, a State Soil Conservation Board. The Board shall consist of five (5) members whose qualifications and manner of appointment shall be hereinafter designated. Such five (5) members shall be farmers actually living upon the land or engaged in agriculture or stock raising as their principal means of livelihood, and such members shall have, prior to and at the time of their appointment, been engaged in the practice of soil conservation upon their own land and shall be practitioners of soil and water conservation; provided, further, that no person who resides within a duly constituted soil conservation district shall be eligible to appointment as a member of said Board unless he shall have entered into the required cooperating agreements with the supervisors of such district and has continued to meet the requirements of such district as to soil conservation measures. Such five (5) members of the Board shall be selected in the manner hereinafter specified. The State of Oklahoma is

hereby divided into five (5) State Areas for the purpose of selecting the members of the State Soil Conservation Board. Each of the State Areas shall be composed of the following counties:

\*  \*  \*  \*  \*  \*

"State Area No 2 comprising fifteen (15) counties:

| Kay | Pawnee | Lincoln | Garvin |
| Noble | Oklahoma | Pottawatomie | Murray |
| Logan | Cleveland | Love | Carter |
| Payne | McClain | Seminole | |

\*  \*  \*  \*  \*  \*

"Persons now serving as members of the State Soil Conservation Committee, heretofore created by law, shall continue to serve until the new members of the State Soil Conservation Board are selected, appointed and qualify as hereinafter provided.

*"The Governor shall appoint one member from each of the five (5) State Areas as hereinafter created, and each such member so appointed shall be, at the time of his appointment, a District Soil Conservation Supervisor. It is the intent and purpose of this Act that each member of the State Soil Conservation Board shall be a Soil Conservation District Supervisor.* Such appointment shall be subject to confirmation by the Senate. Such members, as a condition to their appointment must be residents of the State area from which they are appointed." \*  \*  \* (Emphasis supplied.)

(3) that Noble county is one of the 15 counties comprising State Area No. 2; (4) that the State Soil Conservation Board is an agency of the State of Oklahoma; (5) that under the statute above referred to the State of Oklahoma is divided into five separate areas with one member of said board chosen from each such area created to serve on the board for a five year term; (6) that on May 28, 1957, the name of the respondent was submitted to the Oklahoma State Senate to be a member of the said State Soil Conservation Board from Area 2, by the Hon. Raymond Gary, Governor and that said appointment was confirmed for a term commencing May 28, 1957; (7) that the said attempted appointment of respondent is in violation of the laws of the State of Oklahoma and not in keeping with the express purpose and intent of said statute in that respondent does not possess the required qualifications for such appointment for the reason that he is not now and was not at the time of said attempted appointment a District Soil Conservation Supervisor as specifically required by the statutes to be eligible for appointment to said board; (8) that, notwithstanding the fact that respondent is not qualified nor eligible to hold said office, he is in all things unlawfully usurping the powers of said office and claims and assumes to be a member of said board under said illegal appointment; and (9) prays judgment commanding respondent to desist and refrain from exercising any powers or duties as a member of said board and declaring the office vacant.

Respondent filed a motion to dismiss the action based solely upon the following reasons: (1) That the petition does not state sufficient reasoning why this Court should assume original jurisdiction; (2) that petitioner is not the proper party, and that he does not have the legal capacity to maintain the action; and (3) that a question of fact is involved and that the question of fact should be resolved by a jury.

Respondent has not filed an answer and the motion to dismiss raises only legal questions. Under the undenied petition the respondent was not a District Soil Conservation Supervisor at the time he was appointed as a member of the State Soil Conservation Board.

The case of State ex rel. Williams v. Batson, 170 Okl. 103, 39 P.2d 76 is controling and decisive as to all of the issues involved herein, and a review of that case makes it unnecessary for this court to elaborate on the holding therein. We see no reason to depart from our decision in that case.

**1070**

■ We find that the petition states sufficient reasons for this court to assume original jurisdiction herein.

■ We further find that the plaintiff is a proper party to maintain the action. He is the duly and legally appointed, qualified and acting county attorney of Noble County, Oklahoma. Noble County is one of the fifteen counties in Area No. 2, from which a member of the State Board is required to be selected to fill the yearly rotated vacancy. The work of the Noble County Soil Conservation District is directed by the State Conservation Board. The functions and duties of the State Soil Conservation Board affects the whole of Area 2. All counties comprising that area and each county in said area are equally vitally interested in the legal qualification of the person who is to represent the entire area as a member of the State Soil Conservation Board. Any of the County Attorneys of the fifteen counties comprising Area 2 was a proper and legal party, on relation of the State of Oklahoma to maintain the present action.

■ There is no question of fact in the present case necessary for the determination by a jury. Under the undenied verified petition respondent did not meet the statutory requirements for appointment as a member of the State Soil Conservation Board, and we so hold.

It is the judgment of this court that the respondent, Howard A. Dunning, is adjudged hereby to have no legal right to hold or occupy the position as a member of the State Soil Conservation Board, or perform the duties thereof, and he is hereby directed and ordered to desist from exercising or attempting to exercise any powers or duties as a member of said board, and said office is hereby declared to be vacant.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.