LP Gas Board — Administrator Vacancy — Deputy Fills The Chief Deputy Administrator is authorized and empowered to perform the duties of Administrator of the Liquefied Petroleum Gas Board until the Governor makes his appointment. The Attorney General is in receipt of your letter dated June 5, 1968, wherein you state that a vacancy exists in the Office of Administrator, Liquefied Petroleum Gas Board. You further advise that the Oklahoma Senate, 31st Legislature, Second Session, returned an appointment to such office made by the Governor without confirming same. You then in effect ask if the Chief Deputy Administrator is empowered and authorized to perform the duties of the Administrator during such vacancy. 52 O.S. 420.2 [52-420.2] (1961), provides in relevant part: "(a) There is hereby created a State Liquefied Petroleum Gas Administrator, to be appointed for a term of six (6) years by the Governor from a list of nominees submitted by the Oklahoma Liquefied Petroleum Gas Board, hereinafter created. Said appointment shall be subject to confirmation by the Senate. . . . . . . . "(e) In the event of a vacancy in the office of Administrator, or in the event of his absence or disability, the Chief Deputy Administrator is hereby empowered and authorized to perform the duties of the Administrator during the time of such vacancy, absence or disability." The aforementioned provision clearly authorizes the Chief Deputy Administrator to perform the duties of Administrator during the time of a vacancy, disability or absence in such office. This provision is contingent upon a vacancy existing in the Office of Administrator. Hence the method of filling such vacancy by appointment and the effective date thereof become relevant to your inquiry. Pertinent here is that language of 67 CJS. Officers, Section 32, page 160, which states: "Where an appointment is made as the result of a nomination by one authority and confirmation by another, the appointment is not valid and complete until the action of all bodies concerned has been taken. It has been held that a statute creating an office to be filled by appointment of one authority with the advice and consent of another must be given a reasonable construction, and that, when such a law provides for the first appointment to be at the time when the confirming body would not be in session, it does not contemplate that there can be no occupancy of the office until both authorities have acted. . . ." The appointment to which you refer was not valid or complete as it was rejected by the Senate and returned to the Governor. Such action clearly removes any color of title to the Office of Administrator by this appointee. This is particularly true since the appointee had not accepted the appointment or assumed the duties of Administrator. See 67 CJS. Officers, Section 37, page 191, which states: "It has been held that an office may not be considered as filled until there is an acceptance of the appointment by the person chosen. Such acceptance need not be express but may be implied from the subsequent conduct of the appointee, such as the taking of the oath of office, the filing of a bond, or otherwise qualifying in the manner provided by law, or entering on the discharge of the duties of the office; and where the appointee fails to take any of such steps nonacceptance may be implied. Where a formal acceptance, of the office required by statute is not filed within the specified time, the one elected to the office will be deemed to have declined the office." The individual appointed to the office apparently did not meet the fundamental prerequisites to the existence of a de facto officer of possession and control of an office and the performance of duties attached to it. The Oklahoma Supreme Court stated in Sheldon v. Green, 182 Okl. 208, 77 P.2d 114, in its third syllabus, "While mere possession of a public office is not sufficient to make the incumbent a de facto officer, possession plus color of title to the office, if the office actually exists, is considered sufficient." Although the appointee of the Governor had some color of title to the office, he did not possess or control the office or assume the duties thereof prior to the rejection of the appointment by the Oklahoma Senate. It is therefore the opinion of the Attorney General that a vacancy exists in the Office of Administrator, Liquefied Petroleum Gas Board and that the Chief Deputy Administrator is authorized and empowered to perform the duties of Administrator until said office is filled by appointment of the Governor. (Don Timberlake)