** Summary **
WATER RESOURCES BOARD — EFFECT OF CREATION OF NEW BOARD House Bill 1596, of the Second Session, Thirty-third Oklahoma Legislature did abolish the previously existing Oklahoma Water Resources Board and did create a new nine-member board with nine vacancies. The members of the Oklahoma Water Resources Board have been serving as "de facto officers" since the enactment of House Bill 1596 and, as such, have had the authority to carry out the duties and responsibilities prescribed by law for members of the Oklahoma Water Resources Board. The Attorney General has considered your letter of August 8, 1972, in which you make the following statement: "House Bill 1596 was passed by both Houses of the Second Regular Session of the Thirty-third Oklahoma Legislature, and was signed by me on April 7, 1972. Section One of that Act provides for the creation of a nine-member Oklahoma Water Resources Board. Section Twenty-Nine of that Act repeals, among others, Section 81 O.S. 1071 [81-1071] of Title 81, Oklahoma Statutes, which previously provided for the creation and membership of a seven-member Water Resources Board." Based on this statement you then ask the following questions: "1. Did HB 1596, of the Second Session, Thirty-third Oklahoma Legislature abolish the previously existing Oklahoma Water Resources Board and create a new nine-member board with nine vacancies? "2. If your answer to the first question is in the affirmative, what is the status of actions taken by the Oklahoma Water Resources Board since the effective date of HB 1596?" Though we are not bound to trace legislative history unless there is ambiguity in the construction of a statute, a look at the history of the Water Resources Board is helpful in ascertaining the legislative intent when dealing with the composition and duties of the Board. Prior to the formation of the Water Resources Board as a separate entity, water matters were handled by the Oklahoma Planning and Resources Board which was first created in 1937 by O. S. L . 1937, Chapter 24, Article XXVII. Section 3 of that Act transferred to the Oklahoma Planning and Resources Board all the rights, powers, duties and limitations of the forerunner agency, the Conservation Commission. A successor Planning and Resources Board was created by the provisions of O. S. L. 1943, Title 82, Chapter 4. Section 1 of the Act provided that the "said Board shall succeed the present Oklahoma Planning and Resources Board in its duties as prescribed by the laws of the State of Oklahoma." A successor Planning and Resources Board was created by the provisions of O.S.L. 1947, Title 74, Chapter 12. Section 1 of the Act provides that, "said Board shall succeed the present Oklahoma Planning and Resources Board in its duties as prescribed by the laws of the State of Oklahoma. " A successor Planning and Resources Board was created by the provisions of O. S. L. 1955, Title 74, Chapter 12. Section 1, 74 O.S. 344.19 [74-344.19] (1961) of the Act, provided that, "said Board shall succeed the present Oklahoma Planning and Resources Board in its duties as prescribed by the laws of the State of Oklahoma and as hereinafter provided." In 1957 the Legislature created the Oklahoma Water Resources Board by provisions of O.S.L. 1957, Title 74, Chapter 23 (82 O.S. 1071 [82-1071] — 82 O.S. 1078 [82-1078] (1962)). Section 3 (82 O.S. 1073 [82-1073] (1961)) of this Act transferred certain duties from the Oklahoma Planning and Resources Board to the Oklahoma Water Resources Board. In addition, the title of the Act provided in relevant part: "Providing for dates when the various sections of this Act shall become effective; repealing 74 O.S. 344.15 [74-344.15] (1951), 74 O.S. 351f [74-351f], 71 O.S. 344.21 [71-344.21] (1955), and all conflicting laws; . . . ." There has been no further legislation affecting 82 O.S. 1071 [82-1071] (1961) until House Bill 1596 was passed by the Thirty-third Session of the Oklahoma Legislature. The title of House Bill 1596 appearing at O.S.L., 1972, Title 82, Chapter 253, to be codified as 82 O.S. 1085.1 [82-1085.1] to 82 O.S. 1085.28 [82-1085.28] [82-1085.28] (1972), provides: "An act relating to water and water rights; providing for appointment, organization, compensation and administrative authority of the Oklahoma Water Resources Board, providing for preparation of certain records, fee schedules, water data and annual reports, and deposit of certain funds; providing penalties; providing for appointment of executive directors; providing for certain legal services; directing continuing study of water laws; providing for transfer of certain easements and property; stating purpose; providing for creation, meetings and certain powers of the Water Conservation Storage Commission; authorizing review of certain projects, agreement with federal agencies, and sale, lease or transfer of storage facilities; providing for creation of Water Conservation Storage Fund and providing certain procedures for purchase of certain investment certificates; providing for performance of certain legal services; providing for contracts with the Secretary of Agriculture for repayment of water storage costs; and repealing 82 O.S. 45 [82-45] through 82 O.S. 458 [82-458], 460 through 82 O.S. 462 [82-462], 481 through 489, 491, 1071 through 1084, and 151 through 162." (Emphasis added) This present legislative enactment appears not to be inconsistent with the action of past Legislatures replacing each successive board or commission by fully repealing the prior statute governing, among other things, the composition of the Board. Section 1 of House Bill 1596 which is the section replacing 82 O.S. 1071 [82-1071] (1971), provides: "A. There is hereby created the Oklahoma Water Resources Board consisting of nine (9) members to be appointed by the Governor, by and with the advice and consent of the Senate. One member shall be appointed for a term of one (1) year; one member shall be appointed for a term of two (2) years; one member shall be appointed for a term of three (3) years; one member shall be appointed for a term of four (4) years; one member shall be appointed for a term of five (5) years; two members shall be appointed for a term of six (6) years; and two members shall be appointed for a term of seven (7) years. Upon the expiration of said terms, their successors shall be appointed for terms of seven (7) years. One member shall be appointed from each of the congressional districts of this state as they existed in 1957, and three members shall be appointed at large. Each member shall be a qualified elector of this state. At all times the membership of said Ok lahoma Water Resources Board shall have represented on it at least one member well versed in each of the following major types of water use: recreational, industrial, irrigational, municipal, agricultural and soil conservation work. Not more than two (2) members may be selected representing any one of the major types of water use. Each member of the Oklahoma Water Resources Board shall receive Twenty-five Dollars ($25.00) per day for each day spent in attendance of said Oklahoma Water Resources Board, with a maximum of Seven Hundred Fifty Dollars ($750.00) per year, and reimbursement for travel expense as provided by law for state officers and employees generally; the Oklahoma Water Resources Board shall meet at least once each month. The members of the Oklahoma Water Resources Board may be removed only for cause. Whenever a vacancy shall occur, the Governor shall appoint a qualified person to fill the unexpired term of the vacant office. Each member of said Oklahoma Water Resources Board upon entering upon his duties shall take and subscribe to the constitutional and statutory oath of office and file the same with the Secretary of State. "B. The Oklahoma Water Resources Board shall organize annually by electing a chairman, vice-chairman, and secretary from the membership of the Oklahoma Water Resources Board, who shall perform such duties as shall be prescribed by the Oklahoma Water Resources Board." (Emphasis added) Further indication of the legislative intent to repeal 82 O.S. 1071 [82-1071] (1971) and substitute therefor Section 1 of House Bill 1596 is found in the substantial changes occurring throughout Section 1 of House Bill 1596. For example, when contrasting 82 O.S. 1071 [82-1071] and Section 1 of House Bill 1596, we find the following differences: a nine-member board as opposed to a seven-member board; changes in terms of office; the additional requirement of a member well versed in irrigation; an increase in pay per day and the addition of a maximum allowance per year; and change in time and language of organization. It appears obvious that these changes were not intended to be amendments to 82 O.S. 1071 [82-1071] (1971) since there is a complete absence of amendatory language in either the title or the body of House Bill 1596. The language contained in the title of House Bill 1596 clearly expresses the intention of the Legislature to repeal directly those statutes enumerated, including 82 O.S. 1071 [82-1071]. 82 C.J.S. 282 speaks to the question of express repeal of legislation by stating: "An express repeal is the abrogation or annulment of a previously existing law by the enactment of a subsequent statute which declares that the former law shall be revoked and abrogated. The statute, or portion thereof, may be repealed directly by an express provision or declaration in a subsequent statute, provided the repealing statute conforms to the procedure prescribed by the Constitution of the State." The format and composition of House Bill 1596 is not found here to be in conflict with any Oklahoma constitutional provisions. The Supreme Court of Oklahoma has considered the matter of repeal through subsequent legislation while construing two statutes relating to the same subject matter in the case of Ex parte Olden, 88 Okl. Cr. 56,199 P.2d 228, wherein the Court stated in the first syllabus: "Where the Legislature takes up a whole subject anew, it covers the entire ground of the subject matter of a former statute, and evidently intended as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new." House Bill 1596 contains express provisions of repeal of specific statutes making an even stronger case than that decided by the Court in Ex parte Olden, supra. The only remaining question would be whether the words of absolute repeal are qualified by an intention of the Legislature manifested in other parts of the same Act or language otherwise apparent which would show a contrary intention on the part of the Legislature. A complete reading of the Act fails to reveal any intention other than the express words of repeal contained in the title of House Bill 1596. Therefore, it appears clear that the repeal statutes were so designated as to leave little doubt that the Legislature intended to effectuate a repeal of the former statutory provisions and substitute therefore the provisions contained in House Bill 1596. Thus, we are bound by the fundamental rule of statutory construction, often repeated in our jurisdiction, that when interpreting legislative enactment, effect must be given to the intention of the Legislature as manifested in words of express declaration. In re Redwine Estate, Okl., 445 P.2d 275, and McVicker v. Board of County Commissioners of Caddo County, Okl., 442 P.2d 297, and, In re Guardianship of Campbell, Okl., 450 P.2d 203. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. House Bill 1596, of the Second Session, Thirty-third Oklahoma Legislature did abolish the previously existing Oklahoma Water Resources Board and did create a new nine member board with nine vacancies. Since your first question was answered in the affirmative, your second question must be considered since it appears that the Oklahoma Water Resources Board has held meetings, made decisions and issued orders since the repeal of 82 O.S. 1071 [82-1071] (1971). Since no information is provided that any member of the Oklahoma Water Resources Board was not qualified prior to the time of the enactment of House Bill 1596, we will assume for the purposes of answering this question that all such members were otherwise qualified and properly serving as members of the Water Resources Board under 82 O.S. 1071 [82-1071] (1971). Therefore, this opinion will not be concerned with any possible collateral attack on the qualification of the members of the Board either before the passage of House Bill 1596 or subsequent to that passage. As to the question of the acts of the Board between the time of enactment of House Bill 1596 and the issuance of this opinion, we find guidance in the Constitution of the State of Oklahoma, specifically Article XXIII, Section 10, which provides: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed: provided that all officers within this State shall continue to perform the duties of their office until their successors shall be duly qualified." (Emphasis added) It appears clear that the final proviso in this section modifies the proceeding provision in order to assure that officers shall continue to perform the duties of their offices until their successors shall be duly qualified, and to provide for those instances where an officer has been removed, has resigned, or as in this instance, when his office has been declared vacant and no successor has been qualified to serve in that position. The Supreme Court of the State of Oklahoma considered this issue in the case of Ajax Contractors, Inc. v. H. L. Myatt, Okl., 424 P.2d 30, wherein a taxpayer had filed an action against city officials attacking the award of a contract to a particular bidder. The lower court entered judgment determining that certain city council proceedings to be void and vacating same on the basis that one city councilman, who voted to award the contract had, since his election, moved from the ward from which he was elected prior to voting on the acceptance of the bid in question. The Supreme Court vacated the lower court's decision and held the city councilman to be an "officer de facto." The Court defined an "officer de facto" by stating in the first syllabus: "An 'officer de facto' is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interest of the public and third persons, where the functions of the office are exercised by one who is in natural possession of it under color of title." The Court continued at page 33: "In Shelton v. Green, 182 Okl. 208, 77 P.2d 114, the action was to vacate an order of an appointed district judge on the ground that admittedly he lacked the legal qualifications for such office. We held that the judge was a de facto judge on the ground that the office actually existed and that his possession of the office plus color of title to the office by virtue of his otherwise valid appointment was sufficient to constitute him a de facto judge. The decision further held that it was a well recognized principle that the acts of a de facto officer were as valid and binding as those of a de jure officer." The Court went on to point out that the Shelton case was based in large part upon the case of Morford v. Territory,10 Okl. 741, 63 P. 958, 54 L.R.A. 513, and added that the decisions of such de facto officers are regarded as valid on the grounds of public policy, and for the protection of those having official business to transact. The water rights of the State of Oklahoma and the attendant decisions and orders affecting those rights by the Water Resources Board are of vital concern and importance not only to those who transact business directly with the Water Resources Board, but for all citizens of the State of Oklahoma who are, as a body, necessarily affected by the control of the water resources within the State. It is, therefore, the opinion of the Attorney General that your second question be answered as follows: The members of the Oklahoma Water Resources Board have been serving as " de facto officers " since the enactment of House Bill 1596 and, as such, have had the authority to carry out the duties and responsibilities prescribed by law for members of the Oklahoma Water Resources Board. (Robert H. Mitchell)