The STATE of Oklahoma ex rel. Larry D. STUART, District Attorney of Osage and Pawnee Counties, Petitioner,

v.

W. Keith RAPP, Respondent.

No. 56545.

Supreme Court of Oklahoma.

July 21, 1981.

Larry D. Stuart, Dist. Atty., Osage and Pawnee Counties, Pawnee, for petitioner.

James C. Lang, Brian S. Gaskill, Tulsa, for respondent.

IRWIN, Chief Justice.

In January, 1981, Office Number 5 of the Fourteenth Judicial District (the counties of Tulsa and Pawnee) became vacant due to the resignation of the Honorable Richard E. Comfort, District Judge. Prior to his resignation, Judge Comfort had notified the Judicial Nominating Commission of the impending vacancy.[1] The Commission then solicited applications to fill the vacancy. In

early February, 1981, the Commission submitted the names of three nominees to the Governor, and the Governor appointed W. Keith Rapp (respondent) as the district judge.

The District Attorney (petitioner) challenged the respondent's appointment as unlawful, alleging that at the time of his nomination by the Judicial Nominating Commission and his appointment by the Governor, respondent was a legal resident of Tulsa County and not a legal resident of Pawnee County. Petitioner asserts respondent was not qualified because he was not a legal resident of Pawnee County.

Where the question of right or title to office is put in issue, the appropriate remedy is an action in the nature of quo warranto. *Arterberry v. Hargrove,* 197 Okl. 514, 172 P.2d 990 (1946). Original jurisdiction over such actions exists concurrently in this court and district court. 12 O.S.1971, § 1532.[2] While petitioner is authorized to bring an action in the nature of quo warranto in this court, *State ex rel. Williams v. Batson,* 170 Okl. 103, 39 P.2d 76 (1935), we will exercise original jurisdiction over such matters only when the issue involved is one of general or statewide concern, as opposed to issues of purely private or local concern. We find the issue raised by petitioner to be *publici juris* and we, therefore, assume original jurisdiction. *Batson, supra; State ex rel. Okla. Tax Commission v. Mourer,* Okl., 596 P.2d 882 (1979).

Article 7, § 8(g), Okl.Const., provides;

---

1.  Art. 7, § 8(f), Okl.Const., provides in part that "vacancies [for the offices of District and Associate District Judge] shall be filled in the manner provided by law."

    "When a vacancy occurs in the office of district judge, associate district judge, or judge of any intermediate appellate court, the Governor shall, in filling such vacancy, utilize the services of the Judicial Nominating Commission in the manner as provided for in the filling of judicial offices under Section 4, Article 7B of the Oklahoma Constitution ..." 51 O.S.Supp., 1980, § 10.

    Art. 7-B, § 4, Okl.Const., provides: "When a vacancy in any Judicial Office, however arising, occurs or is certain to occur, the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees, each of whom

has previously notified the Commission in writing that he will serve as a Judicial Officer if appointed. The Governor shall appoint one (1) of the nominees to fill the vacancy but if he fails to do so within sixty (60) days the Chief Justice of the Supreme Court shall appoint one (1) of the nominees, the appointment to be certified by the Secretary of State."

2.  12 O.S.1971, § 1532 provides in part:

    "Such action may be brought in the Supreme Court or in the district court, in the following cases:

    First, when any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or shall claim any franchise within this State or any office in any corporation created by authority of this State ..."

"Each District Judge shall have had prior to election or appointment, a minimum of four years' experience · as a licensed practicing attorney, or as a judge of a court of record, or both, within the State of Oklahoma; shall be a qualified elector of the respective district; and shall have such additional qualifications as may be prescribed by statute . . ."

Petitioner concedes that at all times material, respondent was a resident of Tulsa County and a "qualified elector of the . . . district" as the constitution prescribes. However, petitioner argues that when the constitutional qualifications (Art. VII, § 8(g), supra) are construed with two statutory enactments, it is clear that the Legislature intended that a candidate for the judicial office in dispute, whether for election or appointment, must be nominated from and be a legal resident of Pawnee County.

■ The two statutes relied upon by petitioner are 20 O.S.Supp.1980, §§ 92.15 and 92i. Section 92i provides:

"To file as a candidate for the office of district judge or associate district judge, one must have been a registered voter of the appropriate county for at least six (6) months prior to the first day of the filing period. Should no one file for any such office, and should a vacancy thereby created be filled by appointment according to law, there shall be no such durational registration requirement imposed on the appointee, providing said appointee is otherwise qualified, nor shall any person appointed to fill a vacancy in the office of district judge or associate district judge be required to comply with such durational registration requirement in becoming a candidate for a full term following such appointment."

An examination of § 92i discloses that it imposes a durational registration requirement upon candidates for election to the

office of district judge,[3] but provides two exceptions which are specifically directed to appointees.

■ Section 92i expressly exempts a candidate for election to the office of district judge from complying with the durational registration requirement if appointed to fill a vacancy and his candidacy is for a full term following his appointment. If a vacancy is created because no one filed for the office, there are no durational registration requirements imposed upon the appointee. Section 92i makes no specific reference to durational registration requirements or durational registration exemptions for any appointee other than an appointee to fill a vacancy because no one filed for the office, except it does grant the durational registration exemption to all appointees when they become candidates for a full term following their appointment. Since the Legislature has expressly exempted all appointees from the durational registration requirement when they become candidates for a full term following their appointment, it would be inconsistent for the Legislature to have intended more stringent requirements on the appointees when they were first inducted into office. Section 92i does not impose a durational registration requirement or a residency requirement upon appointees.

■ The other statutory provision relied upon by petitioner is § 92.15, supra, which establishes Tulsa and Pawnee counties as the judicial district and then provides:

"Said district shall have thirteen (13) district judges to be nominated as follows: Candidates for office Nos. 1 through 4 and 6 through 13 to be nominated from and legal residents of Tulsa County, and a candidate for office No. 5 to be nominated from and a legal resident of Pawnee County, all of whom shall be elected at large."

---

3. Although § 92i speaks in terms of a durational registration requirement, the major significance of a registration requirement is that registration serves as "an objective manifestation of the otherwise undocumented fact of residency." *Fleak v. Allman*, 420 F.Supp. 822 (W.D.

Okl.1976). Where registration is required, however, actual residency for the period prescribed for registration is not sufficient to meet the requirement. *Hendrix v. State ex rel. Oklahoma Election Board*, Okl., 554 P.2d 770 (1976).

Although § 92.15 does not expressly specify that the judge of office No. 5 must be a legal resident of Pawnee, when such section is considered in connection with its predecessor, § 92e[4] it is clear that one of the judges for judicial district No. 14 must be a legal resident of Pawnee County whether he is elected or appointed. In form and language, § 92.15 remains substantially similar to its predecessor, § 92e. Nothing in the new provision indicates a legislative intent to alter the purpose or meaning of the statute.

We conclude that to hold office No. 5 of Judicial District No. 14, (Tulsa and Pawnee Counties) the judge must be a legal resident of Pawnee County. Query: When must an appointee for such office become a legal resident of Pawnee County?

An appointee would not become a judge until he fulfilled all conditions precedent to his qualification and entered upon the duties of his office. *State ex rel. Oklahoma Tax Commission v. Mourer*, Okl., 596 P.2d 882 (1979). Therefore, at the time an appointee takes and subscribes his oath of office, and enters upon the duties of his office, he must be a legal resident of Pawnee County.

■ Whether respondent was a legal resident of Pawnee County at the time he took and subscribed his oath of office and entered upon the duties of his office (an issue in dispute) presents evidentiary questions, *Box v. State Election Board*, Okl., 526 P.2d 936 (1974), and we decline to rule on this issue in this original proceeding. *Mourer, supra*. Appropriate proceedings may be commenced in the district court to challenge respondent Rapp's entitlement to the office.

ORIGINAL JURISDICTION ASSUMED; PETITION FOR THE OUSTER OF W. KEITH RAPP FROM OFFICE DENIED.

BARNES, V. C. J., and WILLIAMS, HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., occur.

SIMMS, J., not participating.

---

4. Section 92.15 was enacted in 1980 and § 92e was repealed by the same enactment. 1980 Session Laws, Ch. 272, §§ 15 and 29. Section 92e, prior to its repeal, provided:

"District Court Judicial District No. 14, comprised of Pawnee and Tulsa Counties, shall have eleven (11) district judges, one of whom shall be a legal resident of and nominated from Pawnee County and ten of whom shall be legal residents of and nominated from Tulsa County."