Dear Representative McCarter,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is a resident of an elementary school district eligible to bea candidate for and serve as a member of the board of educationof the independent school district where the resident's childrenwill attend high school?
2. If the answer to the first question is no, is there anyprocedure to remove an elementary school district resident fromthe board of education of an independent school district?
¶ 1 School districts in Oklahoma, other than area vocational-technical districts, are classified as either elementary, which offer classes through eighth grade, or independent, which offer all grades through high school. See70 O.S. 5-101 (1999). The fact that elementary school districts do not offer a high school education to the children of the districts' residents prompts the question of whether an elementary school district resident, whose children will transfer to a neighboring independent district for their high school education, may serve on the board of education of the independent district. As explained more fully below, the answer to this question is no because eligibility to serve on a school board depends on the candidate's residency in the district governed by the board, rather than on whether the candidate's children attend school in the district. See 26 O.S. 13A-106(A) (1999).
 I. SCHOOL DISTRICTS
¶ 2 The Oklahoma Constitution requires the Legislature to "establish and maintain a system of free public schools wherein all the children of the State may be educated." Okla. Const. Article XIII, Section 1. The Legislature has the power to create, abolish or change school districts. See In Re Wickstrum,454 P.2d 660, 664 (Okla. 1969). A school district is "any area or territory comprising a legal entity, whose primary purpose is that of providing free school education, whose boundary lines are a matter of public record, and the area of which constitutes a complete tax unit." 70 O.S. 1-108 (1991).
¶ 3 All school districts in Oklahoma are designated as either independent, elementary or area vocational-technical and each district is under the supervision and administration of a board of education. See 70 O.S. 5-101 (1999). While the territory of an area vocational-technical district may overlap or be coterminous with that of an independent school district, the territories of independent and elementary districts are mutually exclusive. See 70 O.S. 14-110 (1991). Independent school districts offer all grades, including high school subjects accredited by the State Board of Education. See 70 O.S. 5-102
(1991). Elementary school districts are defined as follows:
 "Elementary school districts shall offer grades kindergarten through eight and are those which have not met the minimum standards for, and have not been designated as, independent school districts by the State Board of Education. On and after July 1, 1991, every place in the Oklahoma Statutes which refers to "dependent school district" shall mean "elementary school district".
See 70 O.S. 5-103 (1991).
¶ 4 Students residing in an elementary school district may apply to transfer to an independent school district to attend high school. See 70 O.S. 8-101.2(A) (1999). "If the grade a student is entitled to pursue is not offered in the district where the student resides, the transfer shall be automatically approved." Id.
 II. SCHOOL BOARD ELECTIONS
¶ 5 The election of members of the board of education for a school district is governed by 70 O.S. 5-107A (1999) and 26O.S. 13A-101 to 70 O.S. 13A-110 (1991-1999). Only residents of the district may vote or be candidates in a school board election. See 26 O.S. 13A-106 (1999). Candidates must meet the following residency requirements:
 "To be eligible to be a candidate for member of the board of education of a school district or vocational-technical school district, a person must have resided in the district for at least six (6) months preceding the first day of the fling period, and have been a registered voter registered with the county election board at an address located within the geographical boundaries of the district for six (6) months preceding the first day of the filing period. . . . In school districts that are divided into election districts, a candidate must have resided in the district for at least six (6) months preceding the first day of the filing period and have been a registered voter registered with the county election board at an address located within the geographical boundaries of the election district for six (6) months preceding the first day of the filing period."
See 26 O.S. 13A-106(A) (1999) (emphasis added).
¶ 6 The Legislature has the power to prescribe the qualifications of school board officers if the qualifications do not violate the State or federal Constitution. See Stafford v.State Election Bd., 218 P.2d 617, 619 (Okla. 1950). In ruling on a constitutional challenge to laws regulating the eligibility to be a candidate for a school board, the Court observed that reasonable classifications prescribing candidate qualifications have generally been upheld. See Sharp v. Tulsa County ElectionBd., 890 P.2d 836, 843 (Okla. 1995).
¶ 7 Where the language of a statute is plain and unambiguous and its meaning clear, the statue will be accorded the meaning as expressed by the language employed. See Cavett v. Geary Bd. ofEduc., 587 P.2d 991, 993 (Okla. 1978). It is clear from 26O.S. 13A-106(A) (1999) that a candidate for a board of education must be a resident of the school district governed by the board irrespective of whether the candidate's children attend school in the district. Residents of an elementary school district whose children transfer to attend high school in an independent district are not eligible to serve on the school board of the independent district, unless they become residents of such district.
¶ 8 The fact that elementary school district residents do not have a voice on the board of the independent district where their children transfer to attend high school was noted in Attorney General Opinion 95-083. The Opinion addressed whether it is unconstitutional to tax property owners of an independent school district pursuant to Article X, Section 9(c)[1] and Article X, Section 10 of the Oklahoma Constitution when a portion of the tax money collected will be expended on high school students coming into the district from an elementary school district whose residents do not pay taxes to the independent school district. In upholding the constitutionality of the taxing scheme it was noted that elementary school district taxpayers have no influence in the governing of the independent school district — they cannot vote for board members or vote on bond or ad valorem tax issues. See A.G. Opin. 95-083.
 III. REPLACING A NONRESIDENT SCHOOL BOARD MEMBER
¶ 9 If a school board member ceases to be a resident of the school district during his or her term of office, the school board may declare a vacancy and appoint a new member as follows:
 "If during the term of office to which a person was elected, that member ceases to be a resident of the board district for which the person was elected, the office shall become vacant and such vacancy shall be filled as provided in Section 13A-110 of Title 26 of the Oklahoma Statutes."
See 70 O.S. 5-107A(B)(2) (1999).
¶ 10 A vacancy on a school board is filled by the board's appointment of a new member who meets the same eligibility qualifications as candidates for the office. See 26 O.S.13A-110(A) (1999). Section 26 O.S. 5-107A(B)(2) is similar to the general statute on vacancies in public offices, which provides that such vacancies occur automatically upon the occurrence of specified events, including "ceasing to be a resident of the state, county, township, city or town, or of any district thereof, in which the duties of his office are to be exercised or for which he may have been elected or appointed."51 O.S. 8 (1991). The determination of the vacancy is to be made by the authority authorized to fill such vacancy. See id. The vacancy is determined by the board as constituted after occurrence of the vacancy. See Bowen v. Brock, 244 P.2d 546,549-50 (Okla. 1952). When the incumbent office holder disputes that a vacancy has occurred, the board must provide some type of minimal due process[2] to the office holder prior to making its final determination that a vacancy exists. See Nesbitt v.Apple, 891 P.2d 1235, 1241 (Okla. 1995).
¶ 11 Both 70 O.S. 5-107A(B)(2) (1999) and 51 O.S. 8 (1991) provide for automatic vacancies when an incumbent ceases to be a resident during his or her term of office. This is in keeping with the general rule that an office is vacant in the eyes of the law whenever it is not occupied by a legally qualified incumbent.See Kash v. Day, 239 S.W.2d 959, 961 (Ky. 1951). The two cited statutes do not specifically address office holders who not only are nonresidents during their term of office, but also were nonresidents at the time of their election; however, it is clear from the statutory language that any nonresident board member is ineligible to hold office. The office of a nonresident board member is vacant under the law irrespective of whether the member loses residency status during the term of office or was a nonresident at the time of the election.
¶ 12 The subject matter and purpose of a statute are material to ascertaining the meaning of the words used and that language should be construed to be harmonious with the purpose of the act, rather than in a way that will defeat it. See McNeill v. City ofTulsa, 953 P.2d 329, 332 (Okla. 1998). The purpose of the automatic vacancy provision is to prohibit a nonresident from serving on the board of education and to provide a means of filling an office when the incumbent is not legally qualified to serve. In the case of an incumbent who was neither a resident of the district at the time of election nor a resident during the term of service on the board, the office of such individual is vacant and may be filled by the board. See 26 O.S. 13A-110(A) (1999) ("Vacancies for members of the board of education of every school district or vocational-technical school district shall be filled by appointment by the board").
¶ 13 In addition to the provisions allowing the board to declare a vacancy and fill the position by appointment, there is also a judicial remedy available to remove an ineligible individual from office. When an individual is holding office without right or title to the office, the appropriate method of removal is an action in the nature of quo warranto. See State v.Rapp, 632 P.2d 388, 389 (Okla. 1981). An action in the nature of quo warranto may be filed in the Supreme Court[3] or in the district court "when any person shall usurp, intrude into, or unlawfully hold or exercise any public office." 12 O.S. 1532
(1991). The action may be filed by the Attorney General or a district attorney on behalf of the State or may be filed by a person claiming an interest in the office. See 12 O.S. 1533
(1991).
¶ 14 The State's right of action to remove ineligible officers is founded on its interest in good government and the general welfare of all of its citizens. See Callendar v. District Ct.for the Twentieth Judicial Dist., 625 P.2d 627, 630 (Okla. 1981) (holding that the thirty day limitation period for filing an action did not apply to actions initiated by the district attorney or Attorney General). The state brings a quo warranto action to vindicate an interest shared by the citizens of the State in having only qualified individuals hold office. SeeJackson v. Freeman, 905 P.2d 217, 219 (Okla. 1995). It should be noted that a quo warranto action is distinguishable from removal actions governed by 51 O.S. 91-105 (1991) and 22 O.S.1181-22 O.S. 1197 (1991). Those statutes deal with removal for cause of officers who are otherwise eligible to serve, but who have committed some act or omission in office which requires their removal.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. A resident of an elementary school district is not eligibleto be a candidate for or a member of the board of education ofthe independent school district where the resident's childrenwill attend high school. A candidate for a board of educationmust be a resident of the district governed by the board. See26 O.S. 13A-106. Moreover, a school board member must remain aresident of the district during his or her term of office toretain eligibility to serve on the board. See 70 O.S.5-107A(B)(2) (1999).
2. If a school board member is not a resident of the schooldistrict governed by the board, the board may declare a vacancyin the position and appoint a new member to the board. See 70O.S. 5-107A(B)(2) (1999) and 26 O.S. 13A-110(A) (1999). Ifnecessary, the Attorney General or a district attorney may filean action in the nature of quo warranto in district court toremove an elementary school district resident elected to serve onthe board of education of an independent school district. See12 O.S. 1531-12 O.S. 1533 (1991).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] Section Article X, Section 9(c) authorizes the voters of a school district to levy an additional tax on all taxable property in the district for the benefit of the district's schools if the school board of the district certifies the need for such additional tax, while Section 10 grants the voters of a local school district the right to levy a tax for the purpose of erecting, remodeling, repairing and furnishing school buildings. See OKLA. CONST. Article X, Section 9(c) and Article X, Section 10.
[2] "Minimal due process" requires the board to give notice to the office holder and to provide an opportunity for him or her to appear and be heard by the board. See Nauni v. Cannon,628 P.2d 372, 374 (Okla.Crim. 1981).
[3] The Supreme Court will exercise original jurisdiction only when the issue involved is one of general or statewide concern, as opposed to issues of purely private or local concern. See State v. Rapp, 632 P.2d 388, 389 (Okla. 1981).